## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PARADIGM CARE & ENRICHMENT CENTER, LLC, PARADIGM CARE & ENRICHMENT CENTER 2, LLC, CREATIVE PATHS LEARNING CENTER, INC. and CREATIVE PATHS INFANT CENTER, INC., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WEST BEND MUTUAL INSURANCE COMPANY, <br><br> Defendant. | )<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CLASS ACTION COMPLAINT

Plaintiffs Paradigm Care & Enrichment Center, LLC and Paradigm Care & Enrichment Center 2, LLC ("Paradigm Care"), and Creative Paths Learning Center, Inc. and Creative Paths Infant Center, Inc., ("Creative Paths"), individually and on behalf of the other members of the below-defined nationwide classes (collectively, the "Class"), bring this class action against Defendant West Bend Mutual Insurance Company, and in support thereof state the following:

### I.       NATURE OF THE ACTION

1.       Plaintiff Paradigm Care owns and operates childcare and enrichment centers in Waterford and Canton, Michigan. Paradigm Care was founded by two sisters experienced in both teaching and curriculum development who were concerned that children were entering kindergarten unprepared for the curriculum that was being taught. Paradigm Care nurtures children ages 6 weeks to 5 years old with the end result being a child that is well prepared to enter kindergarten academically, socially, and emotionally. Paradigm Care has been nurturing life-long learners in a loving environment for over 17 years; its existence, however, is now threatened by COVID-19.

2. Plaintiff Creative Paths is a family-owned early childhood and infant center in Skokie, Illinois, serving children ages 6 weeks to 6 years old. Creative Paths provides a learning environment that is safe, creative, and encouraging in which children build on their social/emotional, physical, and cognitive development. Creative Paths is also dedicated to working in partnership with parents to develop enthusiastic, life-long learners. Creative Paths has been providing a rich learning environment that stimulates each child's growth and development for 5 years; its existence, however, is now also threatened by COVID-19.

3. To protect their businesses in the event that they suddenly had to suspend operations for reasons outside of their control, or if they had to act in order to prevent further property damage, Plaintiffs purchased insurance coverage from West Bend Mutual Insurance Company ("West Bend"), including special property coverage, as set forth in West Bend's Businessowners Special Property Coverage Form (NS 0203 01 18I) ("Special Property Coverage Form").

4. West Bend's Special Property Coverage Form provides "Business Income" coverage, which promises to pay for loss due to the necessary suspension of operations following loss to property.

5. West Bend's Special Property Coverage Form also provides "Civil Authority" coverage, which promises to pay for loss caused by the action of a civil authority that prohibits access to the insured premises.

6. West Bend's Special Property Coverage Form also provides "Extra Expense" coverage, which promises to pay the expense incurred to minimize the suspension of business and to continue operations.

7. West Bend's Special Property Coverage Form also provides "Communicable Disease Business Income and Extra Expense Coverage," which promises to pay, subject to a cap, for any loss or expense incurred from the temporary shutdown or suspension of operations ordered by a "board of health or similar governmental board" "due to an outbreak of a 'communicable disease' or a 'waterborne pathogen' at the insured premises." This coverage begins 24 hours after the jurisdictional board shuts down or suspends operations and continues up to 30 days after the

2

jurisdictional board permits full or partial resumption of operations. In addition to loss of Business Income, this coverage pays for, among other costs, the cost to evacuate the insured premises, to "avoid or minimize the suspension of business," and to "minimize the suspension" of operations if operations cannot be continued.

8.     West Bend's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss or Damage" mandates that West Bend's insured "must see that the following are done in the event of loss. . . [t]ake all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." This is commonly referred to as "Sue and Labor" coverage.

9.     Plaintiffs were forced to suspend or reduce operations at their childcare centers due to COVID-19 and the resultant closure orders issued by civil authorities in Michigan and Illinois.

10.    Upon information and belief, West Bend has, on a widescale and uniform basis, refused to pay its insureds under its Business Income, Civil Authority, Extra Expense, Communicable Disease Business Income and Extra Expense, and Sue and Labor coverages for losses suffered due to COVID-19, any orders by civil authorities that have required the necessary suspension of business, and any efforts to prevent further property damage or to minimize the suspension of business and continue operations. Indeed, West Bend has denied Plaintiffs' claims under their West Bend policies.

## II.     JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because Defendant and at least one member of the Class are citizens of different states and because: (a) the Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

12.    Venue is proper in this District under 28 U.S.C. § 1391, because Defendant resides in this District and a substantial portion of the acts and conduct giving rise to the claims occurred within the District.

3

### III.     THE PARTIES

*Plaintiffs*

13.     Plaintiffs Paradigm Care & Enrichment Center, LLC and Paradigm Care & Enrichment Center 2, LLC are Michigan corporations, with their principal places of business in Waterford and Canton, Michigan, where they operate Paradigm Care & Enrichment Centers.

14.     Plaintiffs Creative Paths Learning Center, Inc. and Creative Paths Infant Center, Inc. are Illinois corporations, with their principal places of business in Skokie, Illinois, where they operate Creative Paths Learning Center and Creative Paths Infant Center.

*Defendant*

15.     Defendant West Bend Mutual Insurance Company is an insurance company organized under the laws of the State of Wisconsin, with its principal place of business in West Bend, Wisconsin.

### IV.     FACTUAL BACKGROUND

*A.     The Special Property Coverage Form*

16.     In return for the payment of a premium, West Bend issued Policy No. 1364094-09 to Plaintiff Paradigm Care for a policy period of August 23, 2019 to August 23, 2020, and issued Policy No. A050584-04 to Plaintiff Creative Paths for a policy period of August 26, 2019 to August 26, 2020. Both policies include a Special Property Coverage Form. Policy Nos. 1364094-09 and A050584-04, illustrative of polices with a Special Property Coverage Form, are attached hereto as Exhibit A and Exhibit B. Plaintiffs have performed all of their obligations under Policy Nos. 1364094-09 and A050584-04, including the payment of premiums. The Covered Property, with respect to the Special Property Coverage Form, is: (a) the Paradigm Care premises at 1401 Malcolm Drive, Waterford, Michigan 48327 and 45050 Warren Road, Canton, Michigan 48187, and (b) the Creative Paths premises at 5129 Dempster Street, Skokie, Illinois 60077 (Creative Paths Learning Center) and 5121 Dempster Street, Skokie, Illinois 60077 (Creative Paths Infant Center, an Additional Insured under Policy No. A050584-04).

4

17.     In many parts of the world, property insurance is sold on a specific peril basis.  Such policies cover a risk of loss if that risk of loss is specifically listed (e.g., hurricane, earthquake, H1N1, etc.).  Most property policies sold in the United States, however, including those sold by West Bend, are all-risk property damage policies.  These types of policies cover all risks of loss except for risks that are expressly and specifically excluded.  In the Special Property Coverage Form provided to Plaintiffs, under the heading "Covered Causes of Loss," West Bend agreed to "pay for direct physical loss" to Covered Property "unless the loss is excluded or limited by" the policy.

18.     Losses due to COVID-19 are a Covered Cause of Loss under West Bend policies with the Special Property Coverage Form.

19.     In the Special Property Coverage Form, West Bend agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of their operations during the "period of restoration" caused by direct physical loss or damage.  A "partial slowdown or complete cessation" of business activities at the Covered Property is a "suspension" under the policy, for which West Bend agreed to pay for loss of Business Income during the "period of restoration" that begins at the time of direct physical loss or damage.

20.     "Business Income" means net income (or loss) before tax that Plaintiffs and the other Class members would have earned if no physical loss or damage had occurred, as well as continuing normal operating expenses incurred.

21.     The presence of virus or disease can constitute physical damage to property, as the insurance industry has recognized since at least 2006.  When preparing so-called "virus" exclusions to be placed in some policies, but not others, the insurance industry drafting arm, ISO, circulated a statement to state insurance regulators that included the following:

> Disease-causing agents may render a product impure (change its quality or substance), or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property.  When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element)

5

losses. Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case.

22. In the Special Property Coverage Form, West Bend also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Property.

23. "Extra Expense" includes expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

24. West Bend also agreed to "pay for the actual loss of Business Income" that Plaintiffs sustain "and necessary Extra Expense" that Plaintiffs incur "caused by action of civil authority that prohibits access to" the Covered Property when a Covered Cause of Loss causes damage to property other than the Covered Property.

25. West Bend also agreed to pay "any loss of Business Income or any necessary Extra Expense costs," subject to a cap, that its insureds incur for a period beginning 24 hours after a jurisdictional board shuts down or suspends their operations "due to an outbreak of a 'communicable disease' or a 'water-borne pathogen' at the insured premises," and ending within 30 days after the insured is permitted to fully or partially resume their operations.

26. West Bend's Special Property Coverage Form, under a section entitled "Duties in the Event of Loss or Damage" mandates that West Bend's insureds "must see that the following are done in the event of loss. . . [t]ake all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim." This is commonly referred to as "Sue and Labor" coverage.

27. Losses caused by COVID-19 and the related orders issued by local, state, and federal authorities triggered the Business Income, Extra Expense, Civil Authority, Communicable Disease Business Income and Extra Expense, and Sue and Labor provisions of the West Bend policy.

6

**B.      *The Covered Cause of Loss***

28.      The presence of COVID-19 has caused civil authorities throughout the country to issue orders requiring the suspension of business at a wide range of establishments, including civil authorities with jurisdiction over Plaintiffs' businesses (the "Closure Orders").

**1.      The Michigan and Illinois Closure Orders**

29.      On or about March 23, 2020, the State of Michigan issued an Executive Order requiring residents "to suspend activities that are not necessary to sustain or protect life," and mandating "social distancing practices and other mitigation measures to protect workers and patrons" for businesses that employ critical infrastructure workers and continue in-person operations.  Childcare workers are designated critical infrastructure, "but only to the extent necessary to serve the children or dependents of critical infrastructure workers" (the "Michigan Closure Order").  The initial Michigan Closure Order was effective March 24, 2020 through April 13, 2020, was extended to April 30, 2020, and was extended again to May 15, 2020. The extension to May 15, 2020 continued the childcare provisions from the initial Michigan Closure Order, and established requirements for resumed businesses.

30.      On or about March 20, 2020, the State of Illinois issued an Executive Order (COVID-19 Executive Order No. 8) requiring residents to "stay at home or at their place of residence," and closing all Non-essential Businesses (the "Illinois Closure Order").  Emergency childcare centers for the children of essential workers, upon obtaining a license, are the only legally allowed childcare centers during the COVID-19 State of Emergency.  The initial Illinois Closure Order was effective March 21, 2020 through April 7, 2020, was extended to April 30, 2020, and was extended again to May 30, 2020.  The extension to May 30, 2020 continued the childcare restrictions from the initial Illinois Closure Order, and established requirements for resumed businesses.

31.      Local governments also issued Closure Orders.  On March 18, 2020, the Village of Skokie, Illinois instructed "all Day Care, Child Care and Home Care Facilities and Programs to close and cease operations for all children of all ages as of end of day Friday, March 20, 2020."

7

This instruction was part of "an effort to break the continuing spread of the COVID-19 pandemic through social distancing" (the "Village of Skokie Closure Order").

32.     Paradigm Care was required to drastically reduce operations as a result of the Michigan Closure Order, which has been in effect since March 24, 2020, and Creative Paths was required to close as a result of the Illinois Closure Order, which has been in effect since March 21, 2020. Creative Paths was also required to close as a result of the Village of Skokie Closure Order, which has been in effect since March 20, 2020.

33.     On or about March 23, 2020, within days of the Illinois and Skokie Closure Orders, Creative Paths learned that one of their active enrollees and the child's family had tested positive for COVID-19. The Centers for Disease Control and Prevention has reported that symptoms may appear 2-14 days after exposure to COVID-19. The appearance of symptoms typically precedes and serves as the prompt for testing.

34.     The Michigan and Illinois Closure Orders were issued in response to the spread of COVID-19 throughout those states, and the Village of Skokie Closure Order was issued in response to the spread of COVID-19 throughout that locality.

35.     The presence of COVID-19 caused direct physical loss of or damage to the covered property under Plaintiffs' policies, and the policies of the other Class members, by denying use of and damaging the covered property, and by causing a necessary suspension of operations during a period of restoration.

36.     The Closure Orders, including the issuance of the Michigan, Illinois, and Village of Skokie Closure Orders, prohibited access to Plaintiffs' and the other Class members' Covered Property, due to a Covered Cause of Loss.

37.     The Michigan and Illinois Closure Orders may be enforced by State and local law enforcement.

   **2.     The Impact of COVID-19 and the Closure Orders**

38.     The presence of COVID-19 caused direct physical loss of or damage to the covered properties under the Plaintiffs' policies, and the policies of the other Class members, by denying

8

use of and damaging the covered properties, and by causing a necessary suspension of operations during a period of restoration.

39.     The Closure Orders, including issuance of the Michigan and Illinois Closure Orders, prohibited access to Plaintiffs' and the other Class members' Covered Property, due to a Covered Cause of Loss.

40.     As a result of the presence of COVID-19 and the Closure Orders, Plaintiffs and the other Class members lost Business Income and incurred Extra Expense.

41.     Plaintiffs submitted claims for loss to West Bend under their policies due to the presence of COVID-19 and the Closure Orders, and West Bend denied those claims on April 2, 2020 (Paradigm Care) and March 31, 2020 (Creative Paths).

## V.     CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

43.     Plaintiffs seek to represent nationwide classes defined as:

- All persons and entities that: (a) had Business Income coverage under a property insurance policy issued by West Bend; (b) suffered a suspension of business related to COVID-19 at the premises covered by their West Bend property insurance policy; (c) made a claim under their property insurance policy issued by West Bend; and (d) were denied Business Income coverage by West Bend for the suspension of business resulting from the presence or threat of COVID-19 (the "Business Income Breach Class").

- All persons and entities that: (a) had Civil Authority coverage under a property insurance policy issued by West Bend; (b) suffered  loss of Business Income and/or Extra Expense caused by action of a civil authority; (c) made a claim under their property insurance policy issued by West Bend; and (d) were denied Civil Authority coverage by West Bend for the loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Breach Class").

9

- All persons and entities that: (a) had Extra Expense coverage under a property insurance policy issued by West Bend; (b) sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their West Bend property insurance policy; (c) made a claim under their property insurance policy issued by West Bend; and (d) were denied Extra Expense coverage by West Bend despite their efforts to minimize the suspension of business caused by COVID-19 (the "Extra Expense Breach Class").

- All persons and entities that: (a) had Communicable Disease Business Income and Extra Expense Coverage under a property insurance policy issued by West Bend; (b) made a claim under their property insurance policy issued by West Bend; and (c) were denied Communicable Disease Business Income and Extra Expense Coverage by West Bend (the "Communicable Disease Breach Class").

- All persons and entities that: (a) had a Sue and Labor provision under a property insurance policy issued by West Bend; (b) sought to prevent property damage caused by COVID-19 by suspending or reducing business operations at the premises covered by their West Bend property insurance policy; (c) made a claim under their property insurance policy issued by West Bend; and (d) were denied Sue and Labor coverage by West Bend in connection with the suspension of business caused by COVID-19 (the "Sue and Labor Breach Class").

- All persons and entities with Business Income coverage under a property insurance policy issued by West Bend that suffered a suspension of business due to COVID-19 at the premises covered by the business income coverage (the "Business Income Declaratory Judgment Class").

- All persons and entities with Civil Authority coverage under a property insurance policy issued by West Bend that suffered loss of Business Income and/or Extra Expense caused by a Closure Order (the "Civil Authority Declaratory Judgment Class").

- All persons and entities with Extra Expense coverage under a property insurance policy issued by West Bend that sought to minimize the suspension of business in connection with COVID-19 at the premises covered by their West Bend property insurance policy (the "Extra Expense Declaratory Judgment Class").

10

- All persons and entities with Communicable Disease Business Income and Extra Expense Coverage under a property insurance policy issued by West Bend that were denied Communicable Disease Business Income and Extra Expense Coverage by West Bend (the "Communicable Disease Declaratory Judgment Class").

- All persons and entities with a Sue and Labor provision under a property insurance policy issued by West Bend that sought to prevent property damage caused by COVID-19 by suspending or reducing business operations at the premises covered by their West Bend property insurance policy (the "Sue and Labor Declaratory Judgment Class").

44. Excluded from each defined Class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Plaintiffs reserve the right to modify or amend each of the Class definitions, as appropriate, during the course of this litigation.

45. This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

46. **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** The members of each defined Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiffs are informed and believe that there are thousands of members of each Class, the precise number of Class members is unknown to Plaintiffs but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet postings, and/or published notice.

47. **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

11

a. West Bend issued all-risk policies to the members of the Class in exchange for payment of premiums by the Class members;

b. whether the Class suffered a covered loss based on the common policies issued to members of the Class;

c. whether West Bend wrongfully denied all claims based on COVID-19;

d. whether West Bend's Business Income coverage applies to a suspension of business caused by COVID-19;

e. whether West Bend's Civil Authority coverage applies to a loss of Business Income caused by the orders of state governors requiring the suspension of business as a result of COVID-19;

f. whether West Bend's Extra Expense coverage applies to efforts to minimize a loss caused by COVID-19;

g. whether West Bend's Communicable Disease Business Income and Extra Expense Coverage applies to a suspension of business caused by COVID-19;

h. whether West Bend's Sue and Labor provision applies to require West Bend to pay for efforts to reduce damage caused by COVID-19;

i. whether West Bend has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and the related closures; and

j. whether Plaintiffs and the Class are entitled to an award of reasonable attorney fees, interest and costs.

48.     **Typicality—Federal Rule of Civil Procedure 23(a)(3).**  Plaintiffs' claims are typical of the other Class members' claims because Plaintiffs and the other Class members are all similarly affected by Defendant's refusal to pay under its Business Income, Civil Authority, Extra Expense, Communicable Disease Business Income and Extra Expense, and Sue and Labor coverages.  Plaintiffs' claims are based upon the same legal theories as those of the other Class

12

members. Plaintiffs' and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

49. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Class members who they seek to represent, Plaintiffs have retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to pay the amounts owed under their policies, and Plaintiffs intend to prosecute this action vigorously. The interests of the above-defined Classes will be fairly and adequately protected by Plaintiffs and their counsel.

50. **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).** Plaintiffs seek class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Business Income, Civil Authority, Extra Expense, Communicable Disease Business Income and Extra Expense, and Sue and Labor coverages. The prosecution of separate actions by individual members of the Classes would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. Moreover, the adjudications sought by Plaintiffs could, as a practical matter, substantially impair or impede the ability of other Class members, who are not parties to this action, to protect their interests.

51. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendant acted or refused to act on grounds generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members.

52. **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and

13

increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.    CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT -- BUSINESS INCOME COVERAGE

**(Claim Brought on Behalf of the Business Income Breach Class)**

53.    Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-52 as if fully set forth herein.

54.    Plaintiffs bring this Count individually and on behalf of the other members of the Business Income Breach Class.

55.    Plaintiffs' West Bend policies, as well as those of the other Business Income Breach Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Business Income Breach Class members' losses for claims covered by the policy.

56.    In the Special Property Coverage Form, West Bend agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension of their operations during the "period of restoration."

57.    A "partial slowdown or complete cessation" of business activities at the Covered Property is a "suspension" under the policy, for which West Bend agreed to pay for loss of Business Income during the "period of restoration" that begins at the time of direct physical loss or damage.

58.    "Business Income" means net income (or loss) before tax that Plaintiffs and the other Class members would have earned if no physical loss or damage had occurred, as well as continuing normal operating expenses incurred.

59.    COVID-19 caused direct physical loss and damage to Plaintiffs' and the other Business Income Breach Class members' Covered Properties, requiring suspension of operations

14

at Covered Properties. Losses caused by COVID-19 thus triggered the Business Income provision of Plaintiffs' and the other Business Income Breach Class members' West Bend policies.

60.     Plaintiffs and the other Business Income Breach Class members have complied with all applicable provisions of their policies and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

61.     By denying coverage for any Business Income losses incurred by Plaintiffs and the other Business Income Breach Class members in connection with the COVID-19 pandemic, West Bend has breached its coverage obligations under the policies.

62.     As a result of West Bend's breaches of the policies, Plaintiffs and the other Business Income Breach Class members have sustained substantial damages for which West Bend is liable, in an amount to be established at trial.

**COUNT II**
**BREACH OF CONTRACT – CIVIL AUTHORITY COVERAGE**
**(Claim Brought on Behalf of the Civil Authority Breach Class)**

63.     Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-62 as if fully set forth herein.

64.     Plaintiffs bring this Count individually and on behalf of the other members of the Civil Authority Breach Class.

65.     Plaintiffs' West Bend insurance policies, as well as those of the other Civil Authority Breach Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Civil Authority Breach Class members' losses for claims covered by the policy.

66.     West Bend agreed to "pay for the actual loss of Business Income" that Plaintiffs sustain "and necessary Extra Expense" that Plaintiffs incur "caused by action of civil authority that prohibits access to" the Covered Property when a Covered Cause of Loss causes damage to property other than the Covered Property.

15

67. The Closure Orders triggered the Civil Authority provision under Plaintiffs' and the other members of the Civil Authority Breach Class's West Bend insurance policies.

68. Plaintiffs and the other members of the Civil Authority Breach Class have complied with all applicable provisions of the policies and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

69. By denying coverage for any business losses incurred by Plaintiffs and other members of the Civil Authority Breach Class in connection with the Closure Orders and the COVID-19 pandemic, West Bend has breached its coverage obligations under the policies.

70. As a result of West Bend's breaches of the policies, Plaintiffs and the other members of the Civil Authority Breach Class have sustained substantial damages for which West Bend is liable, in an amount to be established at trial.

## COUNT III
## BREACH OF CONTRACT – EXTRA EXPENSE COVERAGE
### (Claim Brought on Behalf of the Extra Expense Breach Class)

71. Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-70 as if fully set forth herein.

72. Plaintiffs bring this Count individually and on behalf of the other members of the Extra Expense Breach Class.

73. Plaintiffs' West Bend insurance policies, as well as those of the other Extra Expense Breach Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Extra Expense Breach Class members' losses for claims covered by the policy.

74. In the Special Property Coverage Form, West Bend also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the Covered Property.

16

75.    "Extra Expense" includes expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

76.    Due to COVID-19 and the Closure Orders, Plaintiffs and the other members of the Extra Expense Breach Class incurred Extra Expense at Covered Property

77.    Plaintiffs and the other members of the Extra Expense Breach Class have complied with all applicable provisions of the policies and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

78.    By denying coverage for any business losses incurred by Plaintiffs and the other members of the Extra Expense Breach Class in connection with the Closure Orders and the COVID-19 pandemic, West Bend has breached its coverage obligations under the policies.

79.    As a result of West Bend's breaches of the policies, Plaintiffs and the other members of the Extra Expense Breach Class have sustained substantial damages for which West Bend is liable, in an amount to be established at trial.

## COUNT IV
## BREACH OF CONTRACT – COMMUNICABLE DISEASE COVERAGE
### (Claim Brought on Behalf of the Communicable Disease Breach Class)

80.    Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-79 as if fully set forth herein.

81.    Plaintiffs bring this Count individually and on behalf of the other members of the Communicable Disease Breach Class.

82.    Plaintiffs' West Bend insurance policies, as well as those of the other Communicable Disease Breach Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Communicable Disease Breach Class members' losses for claims covered by the policy.

83.    In the Special Property Coverage Form, West Bend also agreed to pay "any loss of Business Income or any necessary Extra Expense costs," subject to a cap, "due to an outbreak of

17

a 'communicable disease,'" beginning 24 hours after shut down or suspension by a jurisdictional board and ending within 30 days after the insured is permitted to fully or partially resume their operations.

84.     Due to COVID-19 and the Closure Orders, Plaintiffs and the other members of the Communicable Disease Breach Class lost Business Income and incurred Extra Expense at Covered Property.

85.     Plaintiffs and the other members of the Communicable Disease Breach Class have complied with all applicable provisions of the policies and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

86.     By denying coverage for any business losses incurred by Plaintiffs and the other members of the Communicable Disease Breach Class in connection with the Closure Orders and the COVID-19 pandemic, West Bend has breached its coverage obligations under the policies.

87.     As a result of West Bend's breaches of the policies, Plaintiffs and the other members of the Communicable Disease Breach Class have sustained substantial damages for which West Bend is liable, in an amount to be established at trial.

**COUNT V**
**BREACH OF CONTRACT – SUE AND LABOR COVERAGE**
**(Claim Brought on Behalf of the Sue and Labor Breach Class)**

88.     Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-87 as if fully set forth herein.

89.     Plaintiffs bring this Count individually and on behalf of the other members of the Sue and Labor Breach Class.

90.     Plaintiffs' West Bend policies, as well as those of the other Sue and Labor Breach Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Sue and Labor Breach Class members' losses for claims covered by the policy.

18

91.    In the Special Property Coverage Form, West Bend agreed to give due consideration in settlement of a claim to expenses incurred in taking all reasonable steps to protect Covered Property from further damage.

92.    In complying with the Closure Orders and otherwise suspending or limiting operations, Plaintiffs and other members of the Sue and Labor Breach Class incurred expenses in connection with reasonable steps to protect Covered Property.

93.    Plaintiffs and the other members of the Sue and Labor Breach Class have complied with all applicable provisions of the policy and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms.

94.    By denying coverage for any Sue and Labor expenses incurred by Plaintiffs and the other members of the Sue and Labor Breach Class in connection with the Closure Orders and the COVID-19 pandemic, West Bend has breached its coverage obligations under the policies.

95.    As a result of West Bend's breaches of the policies, Plaintiffs and the other members of the Sue and Labor Breach Class have sustained substantial damages for which West Bend is liable, in an amount to be established at trial.

### COUNT VI
### DECLARATORY JUDGMENT – BUSINESS INCOME COVERAGE
**(Claim Brought on Behalf of the Business Income Declaratory Judgment Class)**

96.    Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-95 as if fully set forth herein.

97.    Plaintiffs bring this Count individually and on behalf of the other members of the Business Income Declaratory Judgment Class.

98.    Plaintiffs' West Bend policies, as well as those of the other Business Income Declaratory Judgment Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Business Income Declaratory Judgment Class members' losses for claims covered by the policy.

19

99.     Plaintiffs and the other Business Income Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Business Income Declaratory Judgment Class members are entitled.

100.     West Bend has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

101.     An actual case or controversy exists regarding Plaintiffs' and the other Business Income Declaratory Judgment Class members' rights and West Bend's obligations under the policies to reimburse Plaintiffs for the full amount of Business Income losses incurred by Plaintiffs and the other Business Income Declaratory Judgment Class members in connection with suspension of their businesses stemming from the COVID-19 pandemic.

102.     Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Business Income Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

i.      Plaintiffs' and the other Business Income Declaratory Judgment Class members' Business Income losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii.     West Bend is obligated to pay Plaintiffs and the other Business Income Declaratory Judgment Class members for the full amount of the Business Income losses incurred and to be incurred in connection with the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## <u>DECLARATORY JUDGMENT – CIVIL AUTHORITY COVERAGE</u>
### (Claim Brought on Behalf of the Civil Authority Declaratory Judgment Class)

103.     Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-102 as if fully set forth herein.

104.     Plaintiffs bring this Count individually and on behalf of the other members of the Civil Authority Declaratory Judgment Class.

105.     Plaintiffs' West Bend insurance policies, as well as those of the other Civil Authority Declaratory Judgment Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Civil Authority Declaratory Judgment Class members' losses for claims covered by the policy.

106.     Plaintiffs and the other Civil Authority Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Class members are entitled.

107.     West Bend has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

108.     An actual case or controversy exists regarding Plaintiffs' and the other Civil Authority Declaratory Judgment Class members' rights and West Bend's obligations under the policies to reimburse Plaintiffs and the other Civil Authority Declaratory Judgment Class members for the full amount of covered Civil Authority losses incurred by Plaintiffs and the other Civil Authority Declaratory Judgment Class members in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

109.     Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Civil Authority Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

i. Plaintiffs' and the other Civil Authority Declaratory Judgment Class members' Civil Authority losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii. West Bend is obligated to pay Plaintiffs and the other Civil Authority Declaratory Judgment Class members the full amount of the Civil Authority losses incurred and to be incurred in connection with the covered losses related to the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT VIII**
**DECLARATORY JUDGMENT – EXTRA EXPENSE COVERAGE**
**(Claim Brought on Behalf of the Extra Expense Declaratory Judgment Class)**

110. Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-109 as if fully set forth herein.

111. Plaintiffs bring this Count individually and on behalf of the other members of the Extra Expense Declaratory Judgment Class.

112. Plaintiffs' West Bend insurance policy, as well as those of the other Extra Expense Declaratory Judgment Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Extra Expense Declaratory Judgment Class members' losses for claims covered by the policy.

113. Plaintiffs and the other Extra Expense Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the policies clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Class members are entitled.

22

114. West Bend has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

115. An actual case or controversy exists regarding Plaintiffs' and the other Extra Expense Declaratory Judgment Class members' rights and West Bend's obligations under the policies to reimburse Plaintiffs and the other Extra Expense Declaratory Judgment Class members for the full amount of Extra Expense losses incurred by Plaintiffs in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

116. Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Extra Expense Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i. Plaintiffs' and the other Extra Expense Declaratory Judgment Class members' Extra Expense losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

    ii. West Bend is obligated to pay Plaintiffs and the other Extra Expense Declaratory Judgment Class members for the full amount of the Extra Expense losses incurred and to be incurred in connection with the covered losses related to the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT IX**
**DECLARATORY JUDGMENT – COMMUNICABLE DISEASE COVERAGE**
**(Claim Brought on Behalf of the Communicable Disease Declaratory Judgment Class)**

117. Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-116 as if fully set forth herein.

118. Plaintiffs bring this Count individually and on behalf of the other members of the Communicable Disease Declaratory Judgment Class.

23

119.    Plaintiffs' West Bend insurance policies, as well as those of the other Communicable Disease Declaratory Judgment Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Communicable Disease Declaratory Judgment Class members' losses for claims covered by the policy.

120.    Plaintiffs and the other Communicable Disease Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the policies clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs and the other Class members are entitled.

121.    West Bend has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

122.    An actual case or controversy exists regarding Plaintiffs' and the other Communicable Disease Declaratory Judgment Class members' rights and West Bend's obligations under the policies to reimburse Plaintiffs and the other Communicable Disease Declaratory Judgment Class members for the full amount of Communicable Disease Business Income and Extra Expense Coverage losses incurred by Plaintiffs in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

123.    Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Communicable Disease Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    i.    Plaintiffs' and the other Communicable Disease Declaratory Judgment Class members' Communicable Disease Business Income and Extra Expense Coverage losses incurred in connection with the Closure Orders and the necessary

interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii. West Bend is obligated to pay Plaintiffs and the other Communicable Disease Declaratory Judgment Class members for the full amount of the Communicable Disease Business Income and Extra Expense Coverage losses incurred and to be incurred in connection with the covered losses related to the Closure Orders during the period of restoration and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

**COUNT X**
**<u>DECLARATORY JUDGMENT – SUE AND LABOR COVERAGE</u>**
**(Claim Brought on Behalf of the Sue and Labor Declaratory Judgment Class)**

124. Plaintiffs Paradigm Care and Creative Paths ("Plaintiffs" for the purpose of this claim) repeat and reallege Paragraphs 1-123 as if fully set forth herein.

125. Plaintiffs bring this Count individually and on behalf of the other members of the Sue and Labor Declaratory Judgment Class.

126. Plaintiffs' West Bend insurance policies, as well as those of the other Sue and Labor Declaratory Judgment Class members, are contracts under which West Bend was paid premiums in exchange for its promise to pay Plaintiffs' and the other Sue and Labor Declaratory Judgment Class members' reasonably incurred expenses to protect Covered Property.

127. Plaintiffs and the other Sue and Labor Declaratory Judgment Class members have complied with all applicable provisions of the policies and/or those provisions have been waived by West Bend or West Bend is estopped from asserting them, and yet West Bend has abrogated its insurance coverage obligations pursuant to the policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiffs are entitled.

128. West Bend has denied claims related to COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

129.    An actual case or controversy exists regarding Plaintiffs' and the other Sue and Labor Declaratory Judgment Class members' rights and West Bend's obligations under the policies to reimburse Plaintiffs and the other Sue and Labor Declaratory Judgment Class members for the full amount Plaintiffs and the other members of the Sue and Labor Declaratory Judgment Class reasonably incurred to protect Covered Property from further damage by COVID-19.

130.    Pursuant to 28 U.S.C. § 2201, Plaintiffs and the other Sue and Labor Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

      i.      Plaintiffs' and the other Sue and Labor Declaratory Judgment Class members' reasonably incurred expenses to protect Covered Property from further damage by COVID-19 are insured losses under their policies; and

     ii.      West Bend is obligated to pay Plaintiffs and the other Sue and Labor Declaratory Judgment Class members for the full amount of the expenses they reasonably incurred to protect Covered Property from further damage by COVID-19.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other Class members, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

a.      Entering an order certifying the proposed nationwide Classes, as requested herein, designating Plaintiffs as Class representatives, and appointing Plaintiffs' undersigned attorneys as Counsel for the Classes;

b.      Entering judgment on Counts I-V in favor of Plaintiffs Paradigm Care and Creative Paths and the members of the Business Income Breach Class, the Civil Authority Breach Class, the Extra Expense Breach Class, the Communicable Disease Breach Class, and the Sue and Labor Breach Class; and awarding damages for breach of contract in an amount to be determined at trial;

c.      Entering declaratory judgments on Counts VI-X in favor of Plaintiffs and the members of the Business Income Declaratory Judgment Class, the Civil Authority Declaratory Judgment Class, the Extra Expense Declaratory Judgment Class, the Communicable Disease Declaratory Judgment Class, and the Sue and Labor Declaratory Judgment Class as follows;

26

i. Business Income, Civil Authority, Extra Expense, Communicable Disease Business Income and Extra Expense Coverage, and Sue and Labor losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under their policies; and

ii. West Bend is obligated to pay for the full amount of the Business Income, Civil Authority, Extra Expense, Communicable Disease Business Income and Extra Expense, and Sue and Labor losses incurred and to be incurred related to COVID-19, the Closure Orders, and the necessary interruption of their businesses stemming from the COVID-19 pandemic;

d. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

e. Ordering Defendant to pay attorneys' fees and costs of suit; and

f. Ordering such other and further relief as may be just and proper.

## VIII. <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury on all claims so triable.

Dated: May 12, 2020

Respectfully submitted,

/s *Timothy W. Burns*

Timothy W. Burns
State Bar No. 1068086
Jeff J. Bowen
State Bar No. 1074862
Jesse J. Bair
State Bar No. 1083779
Freya K. Bowen
State Bar No. 1066820
**BURNS BOWEN BAIR LLP**
One South Pinckney Street, Suite 930
Madison, Wisconsin 53703
Telephone: 608-286-2302
tburns@bbblawllp.com
jbowen@bbblawllp.com
jbair@bbblawllp.com
fbowen@bbblawllp.com

Adam J. Levitt*
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
dferri@dicellolevitt.com
mhamill@dicellolevitt.com
lreasons@dicellolevitt.com

Mark Lanier*
Alex Brown*
Skip McBride*
**THE LANIER LAW FIRM PC**
10940 West Sam Houston Parkway North
Suite 100
Houston, Texas 77064
Telephone: 713-659-5200
WML@lanierlawfirm.com
alex.brown@lanierlawfirm.com
skip.mcbride@lanierlawfirm.com

28

Douglas Daniels\*
**DANIELS & TREDENNICK**
6363 Woodway, Suite 700
Houston, Texas  77057
Telephone:  713-917-0024
douglas.daniels@dtlawyers.com

*Counsel for Plaintiffs*
*and the Proposed Classes*

\*Applications for admission *pro hac vice* to be filed